UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. __8:23-cv-00902_____

SANDRA G. THOMPSON, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

ASHWORTH COLLEGE,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** SANDRA G. THOMPSON, individually, and on behalf of all others similarly situated, by and through the undersigned counsel, complaining as to the conduct of ASHWORTH COLLEGE ("Defendant") as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55 *et seq.*

2.    "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th

1

Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted automated calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. § 1331 and 1337, as the action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had a Florida phone number and was physically present in Florida at the time he received the solicitation and/or collection calls at issue in this case.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

10. Defendant is a private for-profit online college. Defendant maintains its principal place of business 5051 Peachtree Corners Cir., Suite 200, Norcross, Georgia 30092.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8180.

14. At all times relevant, Plaintiff's number ending in 8180 was assigned to a cellular telephone service.

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. In late 2022, Plaintiff suffered financial difficulties and was unable to make her last payment ("subject debt") to Defendant.

17. On the January 31, 2023, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

18. On February 1, 2023, Plaintiff advised Defendant that its collection calls were unwelcomed and not to call her anymore.

19. Soon thereafter, Plaintiff began receiving excessive prerecorded messaged, including voicemails that took place 5 or 6 times per day.

20. Plaintiff then called Defendant and stated that Defendant's dialer is faulty as she is receiving repeated calls every day. Furthermore, Plaintiff *again* asked Defendant to stop calling her.

21. Despite Plaintiff's request to cease its calls, Defendant continued its efforts to collect the subject debt through excessive collection calls to Plaintiff's cellular phone using pre-recorded messaging technology.

22. Frustrated with the incessant collection calls, Plaintiff again called Defendant to request that Defendant cease its collection calls.

23. Plaintiff's request that the collection calls cease fell on deaf ears and Defendant continued placing harassing collection calls Plaintiff's cellular phone from the phone number: (800) 871-2323.

24. In the calls that Plaintiff did not answer, Defendant would leave the following prerecorded voicemail on Plaintiff's cellular telephone stating:

> "*This message is from Ashworth College in regards to a personal business matter. Please call 1-800-871-2323, Monday through Friday between the hours of 9:00 AM and 6:00 PM Eastern Time and Saturday between the hours of 9:00 AM and 1:00 PM Eastern Time. It is important that you contact us to discuss this matter. Again, the number is 1-800-871-2323. Thank you.*"

25. In total, Defendant placed no less than sixty-nine (69) prerecorded collection calls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

## DAMAGES

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy,

4

nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephones, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephones as a result of increased usage of their telephone services.

28. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

29. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with her attorney.

## CLASS ALLEGATIONS

30. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to Defendant; (6) within the four years preceding the date of this complaint through the date of class certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.   Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.  Adequate Representation

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant have no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class against Defendant)**

47. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

48. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone

8

numbers using an automatic telephone dialing system ("ATDS") *and* an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

49. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on their cellular telephones.

50. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used prerecorded voice technology to place calls to Plaintiff's cellular phone.

51. Upon information and belief, the prerecorded voice technology employed by Defendant play a prerecorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

52. As pled above, Plaintiff never had consented to Defendant's calls to Plaintiff's cellular phone number.

53. As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to their cellular phones using prerecorded voice technology.

54. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

55. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

57. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

58. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiffs are entitled to receive $500.00 in damages for each violation.

59. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff SANDRA G. THOMPSON, on behalf of herself and the members of the Putative Class, requests the following relief:

a. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. A judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. An order enjoining Defendant from placing further violating calls to consumers;

d. An award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

  e.  An award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

  f.  Any further relief this Court deems just and proper.

## COUNT II:

**Violations of the FCCPA, pursuant to Fla. Stat. § 559.55 *et seq*.**
**(Plaintiff individually against Defendant)**

60.  Subsection 559.72(7) of the FCCPA provides:

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> Fla. Stat. § 559.72(7).

61.  Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after Plaintiff requested that the calls cease.

62.  Defendant's incessant collection calls were placed with the specific intent to harass Plaintiff and pressure Plaintiff into making payment on the subject debt.

63.  Plaintiff was harassed and abused by Defendant's incessant collection calls.

64.  As set forth above, Plaintiff was harmed by Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff SANDRA G. THOMPSON, respectfully requests Honorable Court for the following relief:

  a.  A judgment in Plaintiff's favor for Defendant's violations of the FCCPA;

b.  Enjoin Defendant from further communicating with Plaintiff;

c.  Award Plaintiff actual damages in the amount to be determined at trial;

d.  Award Plaintiff statutory damages of $1,000.00, pursuant to FCCPA;

e.  An award of reasonable attorney's fees and costs, pursuant to FCCPA;

f.  Any further relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 25, 2023                                           Respectfully Submitted,

**SANDRA G. THOMPSON**

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
(630) 575-8181
ataylor@sulaimanlaw.com